UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WESTERN SURETY COMPANY, a
foreign corporation,

      Plaintiff,

v.                                          Case No.: 2:19-cv-212-FtM-38MRM

KRISTOPHER TIRTEL, SUNSET
AUTO & TRUCK, LLC and CARMAX
AUTO SUPERSTORES, INC.,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Western Surety Company's ("Western") Motion for Entry of Default Judgment. (Doc. 57). Western seeks a default judgment against Defendant Sunset Auto & Truck, LLC ("Sunset"). Defendants Kristopher Tirtel and Carmax Auto Superstores, Inc. ("Carmax") have not filed a response. Therefore, the motion is unopposed and ripe for review.

## **BACKGROUND**

This is an interpleader action under 28 U.S.C. § 1335. (Doc. 1). Western issued a surety bond to a car dealer for $25,000 (the "Bond"). (Doc. 1 at 3). Each defendant later claimed entitlement to the bond, so Western filed this action to resolve the competing

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

claims. (Doc. 1 at 2). While Tirtel and Carmax have answered the complaint, Sunset has not, and the time to do so has passed. Accordingly, the Clerk entered a default against Sunset. (Doc. 56). Now, Western moves for default judgment, seeking to terminate Sunset's interest in the Bond and restrain Sunset from bringing any action against Western for any benefit in connection with the Bond. (Doc. 57 at 9).

**DISCUSSION**

Interpleader allows an innocent and disinterested stakeholder of an asset to avoid "multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). The party seeking interpleader bears the burden to demonstrate "that he has been or may be subjected to adverse claims." *Ohio Nat. Life Assurance Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (citation omitted). Under the federal interpleader statute, district courts have jurisdiction when the claimants are minimally diverse and the amount in controversy is greater than $500. 28 U.S.C. § 1335.

And default judgment may be proper in an interpleader action. *Clerk of Circuit Court & Comptroller for Collier Cty., Fla. v. Sec. & Exch. Comm'n*, No. 2:19-cv-515-FtM-38MRM, 2019 WL 4644033, at *1 (M.D. Fla. Sept. 24, 2019) (citation omitted). In an interpleader action, default judgment serves to "terminate the party's interest in the fund at issue." *Metro. Life Ins. Co. v. Jackson*, No. 3:11-cv-967-J-34JRK, 2013 WL 3974674, at *5 (M.D. Fla. Aug. 1, 2013) (citation omitted); s*ee also Federated Life Ins. Co. v. Fifth Third Bank*, No. 2:14-CV-568-FTM-38CM, 2015 WL 859393, at *2 (M.D. Fla. Feb. 27, 2015) (enjoining a defaulting defendant from instituting any action related to the funds at issue).

To obtain default judgment, a party must first obtain a clerk's default. Fed. R. Civ. P. 55(a). Western has obtained a clerk's default against Sunset. (Doc. 56). A court may then enter default judgment after ensuring the well-pled allegations in the complaint state a claim and a sufficient basis for relief. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Western's Complaint properly states a claim for interpleader. Through the clerk's default, Sunset admitted the Complaint's well-pled allegations below. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). Tirtel and Sunset are citizens of Florida, and Carmax is a citizen of Virginia, so the claimants are minimally diverse. (Doc. 1 at 1-2). The Bond is worth $25,000, and Western has no interest in the funds. (Doc. 1 at 3-4). Finally, each defendant has asserted a claim against the Bond, exposing Western to multiple liability. (Doc. 1 at 4).

Given these facts, Western meets the jurisdictional requirements and its impleader claim supports a sufficient basis for relief. Western has a right to default judgment.

Accordingly, it is now

**ORDERED:**

(1) Western Surety Company's Motion for Entry of Default Judgment (Doc. 57) is **GRANTED.**

(2) The Clerk of Court is **DIRECTED** to enter default judgment in favor of Western Surety Company and against Defendant Sunset Auto & Truck, LLC.

(3) Defendant Sunset is **ENJOINED** from instituting an action in any other forum against Western, or any of its predecessors, subsidiaries, or parent companies regarding the funds deposited into the Court's Registry in this matter.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of December, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record